IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

TERRY GILCHRIST,
    Plaintiff,

vs.                                                                                                                3:06cv309/RV/MD

PAMELA D. LASSITER et al.
    Defendants.

## REPORT AND RECOMMENDATION

This cause filed pursuant to Title 42 United States Code Section 1983 is presently before the court on plaintiff's civil rights complaint (doc. 1). Leave to proceed *in forma pauperis* was granted and the initial partial filing fee has been paid (doc. 4 & 5).

Since plaintiff is proceeding *in forma pauperis*, the court is required to dismiss the case at any time if it determines that the "action or appeal" is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C.A. § 1915(e)(2)(B). The defendants in this case are immune from suit, and plaintiff's case must be dismissed.

In this case, plaintiff, an inmate in the custody of the Federal Bureau of Prisons, sues Pamela D. Lassier and W. Stephen Townley, United States Probation Officers. The defendants authored or were involved in the review of, the pre-sentence investigation report used in defendant's federal sentencing in case 3:93cr3093/RV. Defendant claims that two 2-level adjustments to his base offense level, one for obstruction of justice and one for the fact that a firearm was involved in his offense, were unconstitutionally applied.

It appears that he has previously challenged these adjustments through other avenues to no avail. Although he does not specifically cite any cases, it also appears that his argument is based on *Apprendi*[1] and its progeny, including the more recently decided *Booker*[2] case. Defendant seeks monetary damages, amendment of the PSR and resentencing.

The Eleventh Circuit has recently reaffirmed its holding that probation officers are entitled to immunity in preparing presentence investigation reports. *Holmes v. Crosby*, 418 F.3d 1256, 1258 (11th Cir. 2005) (citing *Hughes v. Chesser*, 731 F.2d 1489, 1490 (11th Cir.1984)). This is because "the Supreme Court has interpreted § 1983 to give absolute immunity to functions intimately associated with the judicial process." *Id.* (quoting *Jones v. Cannon*, 174 F.3d 1271, 1281 (11th Cir. 1999)). Therefore, because the defendants are clearly immune from suit, and because a § 1983 action is not the appropriate avenue to seek resentencing, his case must be dismissed.

Accordingly, it is respectfully RECOMMENDED:

That this cause be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii).

At Pensacola, Florida, this 11th day of August, 2006.

/s/ *Miles Davis*
**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof. **Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.** A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).

---

[1] *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 2362-63, 147 L.Ed.2d 435 (2000).

[2] *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).